IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | |
| | COMPLAINT |
| v. | |
| | JURY TRIAL DEMAND |
| KAZE USA, INC. d/b/a KAZE JAPANESE STEAKHOUSE AND SUSHI BAR, | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Jordan Hewitt ("Hewitt"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant Kaze USA, Inc. doing business as Kaze Japanese Steakhouse and Sushi Bar ("Defendant"), discriminated against Hewitt when it refused to accommodate Hewitt's religious beliefs, and discharged her because of her religion, Islam.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Raleigh Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a North Carolina corporation doing business in the state of North Carolina and the City of Garner, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hewitt filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about November 7, 2008, Defendant engaged in unlawful employment practices at its facility located in Garner, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to accommodate the religious belief and practice of Jordan Hewitt and discharging her because of her religion, Islam.

8. Hewitt has been a practicing Muslim since she converted to Islam on November 6, 2008. Since her conversion, Hewitt has observed tenets of the Islamic faith, including but not limited to refraining from eating pork, praying several times a day, and fasting during the month of Ramadan. Additionally, at the time of her conversion, Hewitt began wearing a hijab, a head covering often worn by Muslim women as a show of modesty, and in conformance with the Islamic teachings concerning modesty.

9. Before her conversion to the Islamic faith, Hewitt was hired to work as a server by Defendant on October 19, 2008. On or about November 7, 2008, Hewitt informed Defendant's owner that she had converted to Islam and needed to wear a hijab in observance of her religious beliefs. At the time of this conversation with Defendant's owner, Hewitt was a practicing Muslim and held the sincere religious belief that she should wear the hijab as part of her religious practice.

10. During the conversation with Defendant's owner on or about November 7, 2008, Hewitt was dressed in her server uniform and was wearing a hijab which covered her head but not her face. Defendant's owner told Hewitt that she could not work for Defendant and wear the hijab. Hewitt was therefore denied a reasonable religious accommodation and was discharged her because of her religion, Islam.

11. The effect of the practices complained of above has been to deprive Hewitt of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Hewitt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and requiring Defendant to accommodate employees' sincerely held religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Hewitt whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Hewitt whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Hewitt whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Hewitt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 7th day of September, 2010.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E.
Washington, D.C. 20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Suzanne L. Nyfeler
SUZANNE L. NYFELER
VA Bar No. 40450
Senior Trial Attorney
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Telephone:	(804) 771-2215
Facsimile	(804) 771-2222
suzanne.nyfeler@eeoc.gov


ATTORNEYS FOR PLAINTIFF