IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:10cv358 |
| KAZE USA, INC. d/b/a KAZE JAPANESE STEAKHOUSE AND SUSHI BAR, | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant Kaze USA, Inc. doing business as Kaze Japanese Steakhouse and Sushi Bar ("Defendant"), discriminated against Jordan Hewitt when it refused to accommodate Hewitt's religious beliefs, and discharged her because of her religion, Islam.

The Commission, and the Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 14 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Jordan Hewitt the sum of Four Thousand Dollars ($4,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Jordan Hewitt. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Jordan Hewitt at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, by e-mail at the following link: **EEOC-CTDO-DECREE-MONITORING@EEOC.GOV** , a copy of the check and proof of its delivery to Jordan Hewitt.

4. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include

but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination, harassment, and retaliation, including discrimination on the basis of religion; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

5. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, in their restaurant in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

6. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. The training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against religious discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at

3

approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees in the restaurant facility.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

8. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  The reports will include the following information:

> A. the identities of all individuals who requested religious accommodation, or reported discrimination and/or harassment because of their bona fide religious beliefs under Title VII of the Civil Rights Act of 1964, including by way of identification each person's name, address, telephone number, position, and social security number;
> B. for each individual identified in 8.A. above, if applicable, explain the outcome of the individual's request for religious accommodation and whether their employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

4

> C. for each individual whose employment status has changed as identified in 8.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

9. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's restaurant, interview employees and examine and copy documents.

10. If any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Decree shall be for two (2) years from its entry by the Court.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, by e-mail at the following link: **EEOC-CTDO-DECREE-MONITORING@EEOC.GOV**.

13. Each party shall bear its own costs and attorney's fees.

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

The Clerk is DIRECTED to close this case.

This 26 January 2012.

                                                W. Earl Britt
                                                Senior U.S. District Judge

The parties jointly request that the Court approve and enter the Consent Decree,
WE ASK FOR THIS:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff<br>COUNSEL FOR EEOC | KAZE USA, INC., Defendant.COUNSEL FOR KAZE USA, INC. /s/ Judy Tseng |
| P. David Lopez<br>General Counsel | Judy Tseng, Esq.<br>Wake Law Office<br>N.C. Bar No. 28131<br>2000 Centre Green Way, Suite 150 |
| Gwendolyn Young Reams<br>Associate General Counsel | Cary, North Carolina 27513<br>(919) 656-5887<br>(919) 573-0406 |
| Lynette Barnes<br>Regional Attorney<br>N.C. Bar No. 19732<br>Regional Attorney<br>Charlotte District Office<br>129 W. Trade Street, Suite 400<br>Charlotte, NC 28202 | nclawyer@gmail.com |
| Tracy Hudson Spicer<br>Supervisory Trial Attorney | |
| /s/ Suzanne L. Nyfeler<br>Suzanne L. Nyfeler<br>Virginia State Bar No. 40450<br>Equal Employment Opportunity Commission<br>Richmond Local Office<br>830 East Main Street, Suite 600<br>Richmond, Virginia 23219<br>Tel: (804) 771-2215<br>Fax: (804) 771-2222<br>Email: suzanne.nyfeler@eeoc.gov | |

7

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>KAZE USA. INC. d/b/a Kaze Steakhouse and<br>Sushi Bar<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 5:10cv358<br><br>**EMPLOYEE NOTICE** |

# NOTICE TO KAZE USA, INC. d/b/a KAZE STEAKHOUSE AND SUSHI BAR EMPLOYEES

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Kaze USA, Inc. d/b/a Kaze Steakhouse and Sushi Bar ("Kaze") in a case of discrimination based on religion, in violation of Title VII of the Civil Rights Act of 1964.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on religion.

3. Kaze will comply with such federal law in all respects. Furthermore, Kaze will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.